Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
PAMELA LYNN LEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PAMELA LYNN LEE,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>COLLECTION AT LAW, INC., a California corporation, JON OMAR BLANDA, individually and in his official capacity, and JEFFERY K. MUKAI, individually and in his official capacity,<br><br>　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, PAMELA LYNN LEE (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I.  INTRODUCTION**

1.　This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

/ / /

- 1 -
COMPLAINT

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff also seeks actual damages, statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

## V. PARTIES

8. Plaintiff, PAMELA LYNN LEE (hereinafter "Plaintiff"), is a natural person residing in San Joaquin County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Plaintiff is informed and believes, and thereon alleges that Defendant, COLLECTION AT LAW, INC. (hereinafter "COLLECTION AT LAW"), is or was at all relevant times,

---

[1] Cal. Civil Code § 1788.1(a)(1).

a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 5707 Corsa Avenue, Suite 101, Westlake Village, California 91362.  COLLECTION AT LAW may be served as follows: Collection at Law, Inc., c/o Jon Blanda, Agent for Service of Process, 5707 Corsa Avenue, Suite 101, Westlake Village, California 91362.  The principal business of COLLECTION AT LAW is the collection of defaulted consumer debts using the mails and telephone, and COLLECTION AT LAW regularly attempts to collect defaulted consumer debts alleged to be due another.  COLLECTION AT LAW is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, JON OMAR BLANDA (hereinafter "BLANDA"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of COLLECTION AT LAW at all relevant times.  BLANDA may be served at his current business address at: Jon Omar Blanda, Collection at Law, Inc., 5707 Corsa Avenue, Suite 101, Westlake Village, California 91362.  The principal purpose of BLANDA's business is the collection of defaulted consumer debts due or alleged to be due another.  BLANDA is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  BLANDA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. Defendant, JEFFERY K. MUKAI (hereinafter "MUKAI"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of COLLECTION AT LAW at all relevant times.  MUKAI may be served at his current business address at: Jeffery K. Mukai, Collection at Law, Inc., 5707 Corsa Avenue, Suite 101, Westlake Village, California 91362. The principal purpose of MUKAI's business is the collection of defaulted consumer debts due or alleged to be due another.  MUKAI is regularly engaged in the business of collecting

defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. MUKAI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

13. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by WELLS FARGO BANK, N.A. (hereinafter "the alleged debt"). The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. At all relevant times alleged in this Complaint, Plaintiff was a resident of San Joaquin County, California and was not a resident of Contra Costa County, California. Moreover, Plaintiff did not apply for the alleged debt or sign a credit application or credit agreement for the alleged debt, in Contra Costa County, California. Moreover, if any debt to WELLS FARGO BANK, N.A., was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in San Joaquin County, California.

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

16. On or about December 28, 2012, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, County of Contra Costa, captioned *Wells Fargo Bank, N.A. v. Pamela L. Lee and Mark R. Lee, et al.*, Case No. CIVMSL13-05746 (hereinafter the "*Wells v. Lee* complaint") which sought to collect the alleged debt.

17. Plaintiff is informed and believes, and thereon alleges, that the *Wells v. Lee* complaint was drafted by MUKAI, approved and/or ratified by BLANDA on behalf of COLLECTIONS AT LAW, and signed by MUKAI on behalf of COLLECTIONS AT LAW.

18. At the time that Defendants filed the *Wells v. Lee* complaint in Contra Costa County, California, Plaintiff was a resident of San Joaquin County, California. Plaintiff has never resided in Contra Costa County, California. Moreover, if any debt to WELLS FARGO BANK, N.A., was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in San Joaquin County, California.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the *Wells v. Lee* complaint was filed in an improper venue.

20. As a result of Defendants filing the *Wells v. Lee* complaint against her in Contra Costa County – a distant and inconvenient venue – Plaintiff was required to retain legal counsel and incur attorneys' fees and costs in order to have the *Wells v. Lee* complaint transferred to the appropriate venue, San Joaquin County, California.

21. As a result of Defendants' forum abuse, Plaintiff incurred actual damages in an amount to be determined at trial.[2]

---

[2] See, *Hess v. Cohen & Slamowitz, LLP*, 637 F.3d 117 (2d Cir. 2011); *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

## VII.  CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

23. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

25. Defendant, COLLECTION AT LAW, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. Defendant, BLANDA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27. Defendant, MUKAI, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. The financial obligation alleged to be owed by Plaintiff to WELLS FARGO BANK, N.A., is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

29. Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

    a. Defendants brought a legal action against Plaintiff to collect a defaulted consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

30. Defendants' acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(Against COLLECTION AT LAW)**

32. Plaintiff brings the second claim for relief only against Defendant, COLLECTION AT LAW, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

33. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

35. Defendant, COLLECTION AT LAW, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36. The financial obligation alleged to be owed by Plaintiff to WELLS FARGO BANK, N.A., is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

37. Defendant, COLLECTION AT LAW, has violated the RFDCPA. The violations include, but are not limited to, the following:

  a. COLLECTION AT LAW brought a legal action against Plaintiff to collect a defaulted consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation Cal. Civil Code §§ 1788.15(b) and

1788.17.³

38.     COLLECTION AT LAW's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

39.     As a result of COLLECTION AT LAW's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

40.     As a result of COLLECTION AT LAW's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

41.     As a result of COLLECTION AT LAW's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.⁴

42.     As a result of COLLECTION AT LAW's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.⁵

43.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

---

³ 15 U.S.C. § 1692i(a).
⁴ 15 U.S.C. § 1692k(a)(2)(A).
⁵ 15 U.S.C. § 1692k(a)(3).

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a);

c) Declare that Defendant, COLLECTION AT LAW, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.15(b) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17[6] and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against Defendant, COLLECTION AT LAW, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000 against Defendant, COLLECTION AT LAW, pursuant to Cal. Civil Code § 1788.17;[7]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[8] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[6] 15 U.S.C. § 1692k(a)(1).
[7] 15 U.S.C. § 1692k(a)(2)(A).
[8] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
PAMELA LYNN LEE

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PAMELA LYNN LEE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.